UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLYDE JOHNSON,<br>Inmate Booking #17107643,<br><br>                              Plaintiff,<br>vs.<br>COUNTY OF SAN DIEGO,<br>                             Defendants. | Case No.: 3:18-cv-01846-LAB-RBB<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO**<br>**28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

## I.  Procedural History

On August 7, 2018, Clyde Johnson ("Plaintiff"), currently incarcerated at the George Bailey Detention Facility ("GBDF") located in San Diego, California, and proceeding pro se, has filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)  In addition, Plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  (ECF No. 2.)  On August 27, 2018, the Court GRANTED Plaintiff's Motion to Proceed IFP and DISMISSED his Complaint for failing to state a claim upon which relief can be granted.  (ECF No. 3.)  On October 15, 2108, Plaintiff filed his First Amended Complaint ("FAC").  (ECF No. 4.)

///

1

**II.     Sua Sponte Screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)**

The Court is obligated by the Prison Litigation Reform Act ("PLRA") to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," at the time of filing "as soon as practicable after docketing." *See* Doc. No. 8 at 4; 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

### A.     Standard of Review

"The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *accord Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "When there are well-pleaded

factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

While a plaintiff's factual allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Indeed, while courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Even before *Iqbal*, "[v]ague and conclusory allegations of official participation in civil rights violations" were not "sufficient to withstand a motion to dismiss." *Id.*

### B. 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

### C. First Amendment - legal mail claims

Here, the Court finds that while Plaintiff may have alleged facts sufficient to state a First Amendment claim as to the opening of his legal mail, he has failed to identify specific individuals whom he claims is responsible for these alleged actions. *See*

*Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995); *Hayes v. Idaho Correctional Center*, 849 F.3d 1204, 1211-1212 (9th Cir. 2017) (finding prisoner who alleged to have had his "properly marked legal mail" "arbitrarily and capriciously opened outside his presence on two separate occasions" stated a plausible First Amendment claim); *cf. Mangiaracina v. Penzone*, 849 F.3d 1191, 1196 (9th Cir. 2017) ("[P]risoners have a Sixth Amendment right to be present when legal mail related to a criminal matter is inspected."); *see also Silva v. Di Vittorio*, 658 F.3d 1090, 1102-03 (9th Cir. 2011) (discussing requirements for an access-to-court claim premised on prison officials' alleged interference, as opposed to failure to affirmatively assist, with any prisoner lawsuit), *overruled on other grounds as stated by Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).

The County of San Diego *itself* may be considered a "person" and therefore, a proper defendant under § 1983, *see Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978); *Hammond v. County of Madera*, 859 F.2d 797, 801 (9th Cir. 1988). Moreover, as a municipality, the County *may* be held liable under § 1983–but only where the Plaintiff alleges facts to show that a constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the County, or a "final decision maker" for the County. *Monell*, 436 U.S. at 690; *Board of the County Commissioners v. Brown*, 520 U.S. 397, 402-04 (1997); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995). In other words, "respondeat superior and vicarious liability are not cognizable theories of recovery against a municipality." *Miranda v. Clark County, Nevada*, 279 F.3d 1102, 1109-10 (9th Cir. 2002). "Instead, a *Monell* claim exists only where the alleged constitutional deprivation was inflicted in 'execution of a government's policy or custom.'" *Id.* (quoting *Monell*, 436 U.S. at 694).

In his FAC, Plaintiff's allegations defeat any claims he may have against the County of San Diego. Plaintiff claims that the "S.D. Sheriff's Inmate Processing Division" is "fail[ing] to follow their manual, procedures." (FAC at 8-9.) Plaintiff alleges that there a procedure that protects his right to have legal mail opened in his

presence but he does not identify any specific individual as someone who is failing to follow this procedure. The "S.D. Sheriff's Inmate Processing Division" is not a proper Defendant in this matter.

Local law enforcement departments, like the San Diego Sheriff's Department, municipal agencies, or subdivisions of that department or agency, are not proper defendants under § 1983. *See Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality.") (citation omitted); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person.'").

As currently pleaded, Plaintiff's FAC fails to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) because he has failed to allege any facts which "might plausibly suggest" that the County itself violated his constitutional rights. *See Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (applying *Iqbal*'s pleading standards to *Monell* claims); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (42 U.S.C. § 1983 provides for relief only against those who, through their personal involvement as evidenced by affirmative acts, participation in another's affirmative acts, or failure to perform legally required duties, cause the deprivation of plaintiff's constitutionally protected rights).

**III. Leave to Amend**

A pro se litigant must be given leave to amend his pleading to state a claim unless it is absolutely clear the deficiencies cannot be cured by amendment. *See Lopez*, 203 F.3d at 1130 (noting leave to amend should be granted when a complaint is dismissed under 28 U.S.C. § 1915(e) "if it appears at all possible that the plaintiff can correct the defect").

Therefore, the Court will grant him a chance to fix the pleading deficiencies discussed in this Order. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

### III. Conclusion and Order

For all the reasons discussed, the Court:

1. **DISMISSES** Plaintiff's FAC for failing to state a claim upon which § 1983 relief can granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

2. **GRANTS** Plaintiff forty-five (45) days leave to file a Second Amended Complaint which cures all the deficiencies of pleading described in this Order. Plaintiff is cautioned, however, that should he choose to file a Second Amended Complaint, it must be complete by itself, comply with Federal Rule of Civil Procedure 8(a), and that any claim not re-alleged will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to follow these instructions and/or files a Second Amended Complaint that still fails to state a claim, his case may be dismissed without further leave to amend. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

3. The Clerk of Court is directed to mail Plaintiff a court approved form civil rights complaint for his use in amending.

**IT IS SO ORDERED**.

Dated: October 30, 2018

HON. LARRY ALAN BURNS
United States District Judge